William F. Campbell
vs.                    } No. 82632.
Arthur E. Keene

October 14, 1930.

BLODGETT, P. J. Heard jury trial waived.

Action to recover the sum of $1000 from defendant under an oral contract. Plaintiff is a son of William Campbell, formerly a member of the Pawtucket police. William Campbell married a second wife. There were no children of the second marriage, the plaintiff being born of a former wife. Annie, the second wife, owned certain real estate in Pawtucket and died seized of the same and intestate.

Upon the death of Annie Campbell the defendant, Arthur E. Keene, inherited said real estate as the next of kin.

It is claimed by plaintiff that during his life time his father, William Campbell, threatened to commence an equitable action to determine an equitable title to said real estate in himself, and that, in consideration of his forbearance to commence said action, defendant agreed to convey to him, said William Campbell, a life interest in said real estate, and, further, upon the death of said William to pay to his son, the present plaintiff, one thousand dollars; that, in pursuance of said agreement, said defendant conveyed said real estate to one Corbett and Corbett conveyed a life estate in same, to said William Campbell, but that defendant has refused to carry out the second part of said alleged agreement.

The deed from Corbett contained no reference to any such agreement, and no memorandum of any kind was made as to the payment of $1000 to William F. upon the death of his father. The deeds recite the existence of a mortgage upon said real estate at the time of the death of Annie, the second wife, for $1200.

There was offered in evidence and admitted a memorandum made by Asaph E. Wicks, a clergyman of Pawtucket, of notes for a proposed will of Annie Campbell. This memorandum was made January 23, 1919, at a time when said Annie was on her death bed. An attorney had drawn up a will in accordance with said memorandum, but Annie died before same could be executed.

This memorandum provides for a life estate to her husband, William, on condition that he, William, "clear the real estate of all debts," and further provides that upon the death of said William the real estate should be sold and the sum of $1000 be paid to the present plaintiff.

William Campbell held said real estate until his death, occupying a part of the same and collecting all revenue from same, but did not pay the mortgage debt upon the same.

After the death of Annie defendant claims he had an interview with said William and, in view of the fact that Annie was intending to make a will in effect following said memorandum, did agree to convey a life estate to William with the understanding that he, William, would from the income of said estate pay said mortgage debt.

Defendant denies that he ever agreed to pay William F. Campbell $1000 on the death of his father.

In view of the fact that no memorandum containing such an agreement was ever made, as easily same might have been done, and, further, that the alleged consideration for the making of such an agreement was of such a shadowy nature, no such action having been commenced, and, further, that the burden rests upon plaintiff to satisfy the Court by the Weight of the evidence that defendant did make such an unusual agreement, the Court is not satisfied that plaintiff has sustained this burden.

Decision for defendant.

For plaintiff: Edward DeV. O'Connor.

For defendant: Harold A. Andrews.